UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN LAFRE GOODWIN,<br><br>Plaintiff,<br><br>v.<br><br>THE CALIFORNIA DEPARTMENT OF INSURANCE and MELINDA DAVIS,<br><br>Defendants. | Case No. 1:23-cv-00346-HBK<br><br>ORDER TO SHOW CAUSE<br><br>May 12, 2023, DEADLINE |

Plaintiff, Duchin Lafre Goodwin ("Goodwin"), who is proceeding pro se and *in forma pauperis* initiated this action on March 8, 2023, by filing a form "Complaint for a Civil Case." (Doc. No. 1, "Complaint").  Plaintiff's Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court finds the Complaint essentially duplicative of an earlier action filed by Plaintiff.  Thus, the Court will order Plaintiff to show cause why the Court should not recommend the district court dismiss this action as duplicative.

**I.      Screening Requirement**

Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129

(9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*).  Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g., Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.

## II.     Summary of Complaint

The Complaint names the following Defendants: (1) The California Department of Insurance; and (2) Melinda Davis, Detective-Investigator Fraud Division.  (*Id*. at 2).  Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks neither of the boxes which enable a plaintiff to choose either "federal question" or "diversity" jurisdiction. (*Id*. at 3).  When requested to list the "Basis for Jurisdiction" if a jurisdiction is predicated upon a "Federal Question," Plaintiff states: "Sections 102 and 103 of the Civil Rights Act of 1991." (*Id*. at 4). Under the "Statement of Claim" section, Plaintiff complains that he has been subjected to intentional discrimination.  To the extent discernable, Plaintiff complained to Defendant Davis that Liza Pedrosa failed to answer or return his telephone calls.  In the "Relief" section, Plaintiff does not specify any relief, stating only "mentally [sic] agony stress loss of since [sic] of self." (*Id*. 6).

## III.     Analysis

The Court may take judicial notice of its own pleadings. *United States ex. Rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cri. 1992).  Plaintiff filed a nearly identical action naming, *inter alia*, the Defendant the California Department of Insurance, as well as Liza Pedrosa in *Goodwin v. The California Department of Insurance*, Case No. 1:23-cv-00259-JLT-HBK (E.D. Cal. 2023).[1]  The complaint in Plaintiff's earlier action alleged intentional discrimination and violations of Sections 102 and 103 of the Civil Rights Act of 1991.

---

[1] The Court screened the complaint in Plaintiff's his earlier action and afforded him an opportunity to file an amended complaint.  Thus, Plaintiff may include Melinda Davis as a defendant in his earlier filed action since the claims appear related.  Fed. R. Civ. P. 20.

If the same cause of action and the same interests typify the two actions, dismissal based on an action's duplication is merited, whether the reason be deemed a complaint's frivolity or its maliciousness, even though pro se filing are to be liberally construed. *See Patel v. Prince,* 276 F. App'x 531, 532 (8th Cir.2008).

Accordingly, it is **ORDERED**:

1. **On or before May 12, 2023**, Plaintiff shall show cause why the Court should not dismiss the instant action as duplicative of Plaintiff's earlier filed action at *Goodwin v. The California Department of Insurance*, Case No. 1:23-cv-00259-JLT-HBK (E.D. Cal. 2023). In the alternative, Plaintiff may file a Notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action as duplicative of Plaintiff's earlier filed action.

Dated:   April 21, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE